48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Red Elk Ironhorse THOMAS, for the White Eagle Indian Rights
Counsil (sic) of Utah; American Indian Lawyer,
Plaintiff-Appellant,
v.
Vada Kyle HOLMES, Department of Health and Human Services,
Defendant-Appellee.
 No. 94-1048.
(D.C. No. 93-F-1745)
 United States Court of Appeals, Tenth Circuit.
 March 2, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Red Elk Ironhorse Thomas, a prisoner at Utah State Prison, appeals the dismissal with prejudice of a civil rights action brought against Vada Kyle Holmes, Regional Manager of the United States Department of Health and Human Services. Mr. Thomas alleges breach of contract, violation of Department regulations, infliction of cruel and unusual punishment, and unlawful denial of life and liberty in violation of the Fifth, Eighth, and Fourteenth Amendments.
 
 
 3
 This action originates with Mr. Thomas's belief that he was denied proper medical treatment by Utah prison officials. He claims to have both a tumor under his pectoral muscle and a serious colon infection, and he alleges that the Utah prison authorities failed to treat his illnesses properly. Mr. Thomas, in lieu of filing suit against the Utah authorities, complained to the regional office of the Department of Health and Human Services. When the Defendant's office, which neither operates nor manages the Utah Prison system, failed to respond to Mr. Thomas's complaints, Mr. Thomas brought this action against Vada Kyle Holmes.
 
 
 4
 The magistrate judge recommended that the case be dismissed for failure to state a cause of action. The district court agreed and dismissed with prejudice. We affirm. The responsibility for the administration of the Utah prison system falls upon Utah officials. See, e.g., Wilson v. Seiter, 501 U.S. 394 (1991). The Department of Health and Human Services has no connection to any harm that may have been done Mr. Thomas. Ms. Holmes consequently cannot be a proper defendant in this action. Thus, despite our customary reluctance to dismiss with prejudice a pro se complaint, we agree that Mr. Thomas cannot frame a valid complaint against this defendant.
 
 
 5
 The judgment of the district court is AFFIRMED for substantially the reasons given by the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470